IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARCIA LEST SUAREZ,

    Plaintiff,

v.                                                         CASE NO. 5:11-cv-296-MP-GRJ

DAVID L. HUNKE, SUSIE ELLWOOD,
and MYRON MASLOWSKY,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff,[1] a state prisoner in the custody of the Florida Department of Corrections ("FDOC), brings a claim against three executives of USA TODAY, naming them as defendants on the Court's civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion To Proceed In Forma Pauperis. (Doc. 2.) For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's Motion To Proceed In Forma Pauperis (Doc. 2) should be **DENIED** and this cause should be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires the Court to screen the Complaint under 28 U.S.C. § 1915. The screening process under 28 U.S.C. § 1915 applies to prisoner *pro se* litigants who, like Plaintiff, seek court permission to proceed

---

[1] Plaintiff's name on the Complaint is listed as "King Garcia Lest Suarez" but a search of the FDOC's website by his FDOC inmate number reflects Plaintiff's name is Lester Garcia.

*in forma pauperis*. "In order to authorize a litigant to proceed *in forma pauperis,* the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).

A review of Plaintiff's complaint discloses that the claims are frivolous and that Plaintiff has failed to state a claim upon which relief may be granted. The flaws are so fundamental that this case should be dismissed.

Plaintiff's largely unintelligible complaint provides few details in the factual section of the complaint, other than a one sentence statement. Plaintiff's sole allegation is that Defendant Susie Ellwood (apparently the Executive Vice-President of USA TODAY) is engaged in some undefined manner with Barack Obama and the Department of Corrections Classification Team in a "fraud toward government operation." (Doc. 1 at 7.) That is the sum and substance of the statement of facts offered by Plaintiff. Conspicuously absent from the Complaint form is any mention of facts pertaining to Defendants Hunke or Maslowsky or any dates, details or other information disclosing the basis of Plaintiff's claim. Additionally, Plaintiff did not include any information in the "Statement of Claims" or "Relief Requested" sections of the Complaint (Doc. 1 at 8) and did not even sign the Complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure.

The Complaint should be dismissed for several reasons. First, because Plaintiff

filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983 Plaintiff must allege a viable claim under section 1983. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). Plaintiff has not alleged that he was deprived of any federal right and none of the three named defendants are state actors for purposes of section 1983. Consequently, Plaintiff cannot proceed under section 1983 and therefore his complaint should be dismissed for failure to state a claim upon which relief may be granted.

In addition to the fact that Plaintiff cannot state a claim upon which relief may be granted under section 1983, the Complaint is frivolous. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)). A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case. The President of the United States and the named defendants – each of whom is listed as a business executives of USA TODAY – have nothing whatsoever to do with the Florida Department of Corrections or the classification team of the Florida Department of Corrections. The Plaintiff simply has failed to allege any cognizable basis for a federal claim. Plaintiff's complaint is,

therefore, due to be dismissed as frivolous. Moreover, because the flaws in Plaintiff's Complaint are so numerous and so fundamental, the Court concludes that granting Plaintiff leave to amend would be futile and would simply be a further waste of scarce and valuable judicial resources. Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous and for failure to state a claim.

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Proceed In Forma Pauperis (Doc. 2) should be **DENIED** and this case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous and for failure to state a claim.

**IN CHAMBERS**, at Gainesville, Florida, this 7th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:11-cv-296-MP-GRJ*